UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Odebrecht Engenharia e Construção S.A. - Em Recuperação Judicial, *et al.*,[1]<br><br>Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 25-10482 (MG)<br><br>(Jointly Administered) |

### ORDER PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002 AND 9007 SCHEDULING HEARING AND SPECIFYING FORM AND MANNER OF SERVICE AND NOTICE

Upon the Application[2] of Adriana Henry Meirelles, the foreign representative of the judicial reorganization (*recuperação judicial* or "RJ") proceeding (the "Brazilian RJ Proceeding") of Odebrecht Engenharia e Construção S.A. – Em Recuperação Judicial ("ODB E&C") and its affiliated debtors Odebrecht Holdco Finance Limited ("ODB HoldCo"), OEC S.A. – Em Recuperação Judicial ("OEC"), OEC Finance Limited ("OEC Finance"), CNO S.A. – Em Recuperação Judicial ("CNO"), Belgrávia Serviços e Participações S.A. – Em Recuperação Judicial ("Belgrávia"), Tenenge Overseas Corporation ("TOC"), CBPO Engenharia Ltda. – Em Recuperação Judicial ("CBPO"), Oenger S.A. – Em Recuperação Judicial ("Oenger"), Odebrecht Overseas Limited ("OOL"), OECI S.A. – Em Recuperação Judicial ("OECI") and Tenenge Engenharia Ltda. – Em Recuperação Judicial ("Tenenge") (collectively, the "Debtors") pending in the 2nd Bankruptcy and Restructuring Court of São Paulo (the "Brazilian Court") pursuant to

---

[1] The Debtors in these chapter 15 cases (the "Chapter 15 Cases") and the last four identifying digits of the tax number in the jurisdiction are: Odebrecht Engenharia e Construção S.A. – Em Recuperação Judicial (Brazil – 01-28); Odebrecht Holdco Finance Limited (Cayman Islands – 8435); OEC S.A. – Em Recuperação Judicial (Brazil – 01-24); OEC Finance Limited (Cayman Islands – 8433); CNO S.A. – Em Recuperação Judicial (Brazil – 01-82); Belgrávia Serviços e Participações S.A. – Em Recuperação Judicial (Brazil – 01-06); Tenenge Overseas Corporation (Cayman Islands – 2850); CBPO Engenharia Ltda. – Em Recuperação Judicial (Brazil – 01-10); Oenger S.A. – Em Recuperação Judicial (Brazil – 01-21); Odebrecht Overseas Limited (Bahamas – 834B); OECI S.A. – Em Recuperação Judicial (Brazil – 01-78) and Tenenge Engenharia Ltda. – Em Recuperação Judicial (Brazil – 01-75).

[2] Any capitalized term not defined herein shall have the meaning ascribed to such term in the Application.

Federal Law 11.101 of February 9, 2005 (the "Brazilian Bankruptcy Law") of the laws of the Federative Republic of Brazil ("Brazil"), by and through her undersigned counsel requesting entry of an order (a) scheduling a hearing on the relief sought in *Verified Petition for Recognition of the Brazilian RJ Proceeding and Motion for Order Granting Final Relief Pursuant to 11 U.S.C. §§ 105(a), 1507, 1509(b), 1515, 1517, 1520(a) and 1521* (the "Verified Petition" and together with the *Official Form Petition* filed by the Petitioner contemporaneously herewith, the "Petition"); (b) specifying the form and manner of service of notice thereof and (c) approving the manner of service of any further pleadings filed by the Petitioner in these Chapter 15 Cases.

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED.

2. The Recognition and Enforcement Hearing shall be held before this Court via Zoom for Government on **April 7, 2025 at 2:00 p.m. (prevailing New York time).**[3]

3. The form of the Notice attached as Exhibit B to the Application, as may be amended in accordance with Paragraph 4 hereof, is hereby approved and service of the form of Notice attached as Exhibit B shall, once served, constitute good and sufficient notice and no other or further notice shall be required.

4. Prior to serving the Notice or causing it to be served, the Petitioner may insert any missing dates and other information, correct any typographical errors, conform the provisions thereof to the provisions of this Order and make such other and further non-material, non-substantive changes as the Petitioner deems necessary or appropriate.

---

[3] The Recognition and Enforcement Hearing will be conducted using Zoom for Government. Parties wishing to appear at the Hearing, whether in person or via Zoom for Government, must make an electronic appearance through the Court's website at https://www.nysb.uscourts.gov/ecourt-appearances no later than 4:00 p.m. (prevailing Eastern time) on April 4, 2025.

5. The Petitioner has provided sufficient notice that the Petitioner plans to raise issues of foreign law in accordance with Rule 44.1 of the Federal Rules of Civil Procedure (as made applicable to this proceeding through Bankruptcy Rule 9017) to the extent necessary to hear and rule on the relief sought in the Petition.

6. The notice requirements set forth in section 1514(c) of the Bankruptcy Code are inapplicable in the context of these Chapter 15 Cases or are hereby waived.

7. Copies of the Notice Documents shall be served by United States mail, first-class postage prepaid (or equivalent service), upon the Notice Parties within three (3) days of entry of this Order.

8. In the event any party files a notice of appearance in these Chapter 15 Cases subsequent to the Petitioner's initial service of the Notice Documents as provided for in this Order, the Petitioner will serve, or cause to be served on such party, the Notice Documents and any subsequent notices upon that party within three (3) business days of the filing of the notice of appearance, if such documents have not already been served on such party (or its counsel). Subsequent notices shall be served in the form and manner set forth in this Order or as otherwise required by the Bankruptcy Code and Bankruptcy Rules.

9. Responses or objections, if any, to the Petition shall be made in writing and shall set forth the basis therefor, and such responses or objections must be: (i) filed electronically with the Court on the Court's electronic case filing system in accordance with and except as provided in General Order M-399 and the Court's Procedures for the Filing, Signing and Verification of Documents by Electronic Means (copies of each of which may be viewed on the Court's website at www.nysb.uscourts.gov), and a hard copy of such response or objection to be sent to the Chambers of the Honorable Martin Glenn, Chief United States Bankruptcy Judge and (ii) served

upon (A) Cleary Gottlieb Steen & Hamilton LLP, One Liberty Plaza, New York, New York 10006-1470 (Attn: Luke A. Barefoot and Thomas S. Kessler), counsel to the Petitioner, and (B) any other party that has filed a notice of appearance so as to be received on or before **4:00 p.m. (prevailing New York time) on March 31, 2025**.

10.   The Petitioner's reply, if any, to any response or objection to the Petition shall be made in writing and shall set forth the basis therefor, and such responses or objections must be: (i) filed electronically with the Court on the Court's electronic case filing system in accordance with and except as provided in General Order M-399 and the Court's Procedures for the Filing, Signing and Verification of Documents by Electronic Means (copies of each of which may be viewed on the Court's website at www.nysb.uscourts.gov), and a hard copy of such response or objection to be sent to (ii) the Chambers of the Honorable Martin Glenn, Chief United States Bankruptcy Judge and (iii) served upon each party or, if represented by counsel, upon such party's counsel, that filed any response or objection and/or filed a notice of appearance so as to be received on or before **4:00 p.m. (prevailing New York time) on Friday April 4, 2025**.

11.   Any further pleadings by the Petitioner in these Chapter 15 Cases shall be served on the Notice Parties.

12.   Service and notice of the Notice Documents in accordance with this Order is hereby approved as adequate and sufficient service and adequate notice of the Application, the commencement of these Chapter 15 Cases, all interim objection deadlines and the Recognition and Enforcement Hearing on all interested parties. Notice provided in accordance with this Order satisfies the requirements of the Bankruptcy Code and Bankruptcy Rules, including Bankruptcy Rules 2002(p) and (q). No other or further notice is required. Notwithstanding any provision in the Bankruptcy Code, the Bankruptcy Rules or the Local Rules to the contrary, including, but not

limited to Local Rule 9078-1, the Petitioner shall file the certificate of service of the Notice Documents in advance of the Recognition and Enforcement Hearing.

13. The Petitioner is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

14. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. The Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated: New York New York
      March 18, 2025

                                              /s/Martin Glenn
                                              MARTIN GLENN
                                              CHIEF UNITED STATES BANKRUPTCY JUDGE