Luke A. Barefoot, Esq.
Thomas S. Kessler, Esq.
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Attorneys for the Foreign Representative*
*of Odebrecht Engenharia e Construção S.A.*
*- Em Recuperação Judicial and affiliated debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Odebrecht Engenharia e Construção S.A. - Em Recuperação Judicial, *et al.*,[1] | Case No. 25-10482-MG |
| Debtors in a Foreign Proceeding | (Jointly Administered) |

**FOREIGN REPRESENTATIVE'S**
**REPLY IN FURTHER SUPPORT OF THE**
**VERIFIED PETITION FOR RECOGNITION**
**OF THE BRAZILIAN RJ PROCEEDING AND MOTION**
**FOR ORDER GRANTING FINAL RELIEF PURSUANT TO**
**11 U.S.C. §§ 105(A), 1507, 1509(B), 1515, 1517, 1520(A) AND 1521**

---

[1]    The debtors (the "Debtors") in these chapter 15 cases (the "Chapter 15 Cases") and the last four identifying digits of the tax number in the jurisdiction are: Odebrecht Engenharia e Construção S.A. – Em Recuperação Judicial (Brazil – 01-28); Odebrecht Holdco Finance Limited (Cayman Islands – 8435); OEC S.A. – Em Recuperação Judicial (Brazil – 01-24); OEC Finance Limited (Cayman Islands – 8433); CNO S.A. – Em Recuperação Judicial (Brazil – 01-82); Belgrávia Serviços e Participações S.A. – Em Recuperação Judicial (Brazil – 01-06); Tenenge Overseas Corporation (Cayman Islands – 2850); CBPO Engenharia Ltda. – Em Recuperação Judicial (Brazil – 01-10); Oenger S.A. – Em Recuperação Judicial (Brazil – 01-21);  Odebrecht Overseas Limited (Bahamas – 834B); OECI S.A. – Em Recuperação Judicial (Brazil – 01-78) and Tenenge Engenharia Ltda. – Em Recuperação Judicial (Brazil – 01-75).

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................ii

I.    PRELIMINARY STATEMENT .................................................................................. 1

II.   BACKGROUND ........................................................................................................ 3

III.  REPLY ....................................................................................................................... 4

      A.    The Provisions Limiting the Indenture Trustee's Liability Are
            Customary in Chapter 15 Cases.................................................................... 4

      B.    The Releases in the RJ Plan Are Narrowly Tailored and Allowable
            Under Both U.S. and Brazilian Law............................................................. 5

            1.    The Releases in the RJ Plan Are Not True Third Party Releases. ............. 5

            2.    Purdue's Prohibition on Non-Consensual Third Party Releases
                  Does Not Apply in Chapter 15 Cases....................................................... 7

      C.    The Court Is Not Being Asked to Approve The Payment of Any Fees,
            Let Alone Impermissible Fees. ..................................................................... 9

      D.    The Further Revised Proposed Order's Retention of Jurisdiction Clause,
            is Not An Improper "Gatekeeping Clause," But is a Routine and Targeted
            Provision Intended to Allow This Court to Enforce Only The Relief
            Provided for in the RJ Plan........................................................................... 9

CONCLUSION.............................................................................................................. 11

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**<u>Cases</u>**

*Harrington v. Purdue Pharma, L.P.*,
603 U.S. 204 (2024)..............................................................................................7

*In re Crédito Real, S.A.B. de C.V., SOFOM, E.N.R.*,
No. 25-10208, 2025 WL 977967 (Bankr. D. Del. Apr. 1, 2025)......................7, 8

*In re Olinda Star Ltd.*,
614 B.R. 28, 48 (Bankr. S.D.N.Y. 2020).............................................................5

**<u>Other Authorities</u>**

Order Granting (I) Full Force and Effect in the United States to the Brazilian
EJ Plan and (II) Granting Related Relief, *In re Andrade Gutierrez Engenharia S.A.*,
No. 22-11425 (Bankr. S.D.N.Y. Dec. 2, 2022), ECF No. 41 ................................5

Order Granting (I) Full Force and Effect in the United States to the Brazilian
Reorganization Plan and (II) Granting Related Relief,
*In re Serviços de Petróleo Constellation S.A.*, No. 18-13952
(Bankr. S.D.N.Y. Dec. 5, 2019), ECF No. 192 ....................................................5

Order (I) Granting Full Force and Effect to the Brazilian RJ Plan in the United
States and (II) Granting Related Relief, *In re Oi S.A.*, No. 23-10193
(Bankr. S.D.N.Y. June 17, 2024), ECF No. 42 ...................................................10

Order Granting (I) Recognition of Foreign Main Proceeding, (II)
Full Force and Effect to Concurso Plan and Certain Related Relief,
*In re Crédito Real, S.A.B. de C.V., SOFOM, E.N.R*, No. 25-10208
(Bankr.Del. March 11, 2025), ECF No. 52...........................................................4

Order Granting (I) Recognition of Foreign Proceeding, (II) Recognition of
Foreign Representative, (III) Recognition of Sanction Order and Related
Scheme with Modifications and (IV) Related Relief Under Chapter 15 of
the Bankruptcy Code, *In re Mega Newco Ltd.*, No. 24-12031
(Bankr. S.D.N.Y Feb. 7, 2025), ECF No. 25.................................................7, 10

Order Granting Recognition and Final Relief in Aid of a Foreign Proceeding,
*In re Odebrecht Engenharia e Construção S.A.*, No. 20-12741
(Bankr. S.D.N.Y. Dec. 30, 2020), ECF No. 15.............................................7, 10

Order Granting Recognition of Foreign Main Proceedings and Request for
　　Certain Related Relief Under Chapter 15 of the Bankruptcy Code,
　　*In re Unigel Participações S.A.*, No. 24-11982
　　(Bankr. S.D.N.Y. Dec. 10, 2024), ECF No. 29 ................................................................... 5

Order Recognizing Foreign Main Proceeding and Granting Related Relief,
　　*In re Boart Longyear Ltd.*, No. 21-11465
　　(Bankr. S.D.N.Y Sept. 21, 2021), ECF No. 19 ................................................................... 7

Adriana Henry Meirelles, the foreign representative ("Petitioner" or the "Foreign Representative") in the judicial reorganization (*recuperação judicial* or "RJ") proceeding (the "Brazilian RJ Proceeding") of the Debtors[2] pending in the Brazilian Court pursuant to the Brazilian Bankruptcy Law by and through her undersigned counsel, respectfully submits this reply (the "Reply") in further support of the Verified Petition for Recognition of the Brazilian RJ Proceeding and Motion for Order Granting Final Relief Pursuant to 11 U.S.C. §§ 105(a), 1507, 1509(b), 1515, 1517, 1520(a) and 1521, ECF No. 2 (the "Verified Petition") and in response to the Objection of the United States Trustee to the Verified Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding and Related Relief, ECF No. 16 (the "Objection").

In support of her Reply, in addition to the documents already filed, the Foreign Representative relies on (i) the Supplemental Declaration of Adriana Henry Meirelles in Support of Verified Petition Under Chapter 15 for an Order Granting Recognition and Final Relief in Aid of a Foreign Proceeding Pursuant to 11 U.S.C. §§ 105(A), 1507, 1515, 1517, 1520(A) and 1521 (the "Supplemental Foreign Rep. Decl.") attached hereto as **Exhibit A**, and (ii) the Supplemental Declaration of Ana Elisa Laquimia De Souza in Support of Verified Petition Under Chapter 15 for Recognition of Foreign Main Proceeding and Related Relief (the "Supplemental Brazilian Counsel Decl.") attached hereto as **Exhibit B** and respectfully states:

## I.    PRELIMINARY STATEMENT

The Verified Petition seeks garden-variety chapter 15 relief to recognize the Brazilian RJ Proceeding as the foreign main proceeding of each of the Debtors and enforce the relief granted in the Brazilian Confirmation Order and the RJ Plan within the territorial jurisdiction of the United States. The Verified Petition seeks exactly the same scope of the relief provided in Brazil: no more

---

[2]    All capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Verified Petition.

and no less.  The U.S Trustee's objection reads as a twenty-four page misunderstanding of the RJ Plan, chapter 15 jurisprudence, and the applicability of certain chapter 11 caselaw on third party releases.  It should be overruled for several reasons.  First, the language limiting the liability of the Indenture Trustee[3] is customary and similar to language this Court approved in other chapter 15 cases.  Second, the provisions in Section 11.5 of the RJ Plan are proper both as a matter of Brazilian and U.S. law, as (i) they are not true third-party releases as properly understood under Brazilian law and (ii) the Supreme Court's decision in *Purdue* is simply not applicable to chapter 15 cases and in any event any releases here were consensual.  Third, the Foreign Representative is not asking this Court to approve any fees of the Indenture Trustee.  Fourth, there is no "gatekeeping provision" in the Further Revised Proposed Order, only a routine retention of jurisdiction provision – common in chapter 15 enforcement orders – that is necessary to effectuate the RJ Plan particularly given the unique circumstances of the unliquidated claims of the securities plaintiffs.  The U.S Trustee's meritless Objection should be swiftly overruled and not delay these proceedings, particularly given that the Debtors cannot close on their much needed exit financing until this Court enters the Further Revised Proposed Order.[4]

---

[3]     All capitalized terms in the Preliminary Statement that are not defined shall have the meaning ascribed to such terms later in the Reply.

[4]     As set forth in the Foreign Representative Declaration, the RJ Plan contemplates that the Debtors will receive exit financing from the unsecured creditors subject to the RJ Proceeding, backed by a firm commitment of the Banco BTG Pactual S.A., which is one of these creditors.  Foreign Representative Decl. ¶ 60.  One of the conditions precedent for the closing of the exit financing is the recognition of the RJ Plan in these Chapter 15 Cases.  *See* Section 5.8.1(s)(ii) of the DIP Debentures Indenture.[4]  The Debtors urgently need this liquidity to meet their obligations under the RJ Plan and to fund their operations.  Supplemental Foreign Rep. Decl. ¶ 5.  Accordingly, the Debtors respectfully request that the Court enter the Further Revised Proposed Order as soon as possible so that the Debtors can obtain the much needed exit financing.

## II.    BACKGROUND[5]

1.    On March 14, 2025 the Foreign Representative filed the Verified Petition seeking recognition of the Brazilian RJ Proceeding and certain related relief.  The Foreign Representative attached a proposed order (the "Proposed Order") as Exhibit A to the Verified Petition.  The Court entered a scheduling order (the "Scheduling Order," ECF No. 9) setting March 31, 2025 at 4:00 PM (prevailing New York time) as the objection deadline (the "Objection Deadline") for any responses or objections to the Verified Petition.

2.    Prior to the filing of the Verified Petition, the Foreign Representative engaged in discussions with the Bank of New York Mellon in its capacity as the indenture trustee (the "Indenture Trustee") under the indentures related to the 2024 Notes, the 2026 Notes, the 2027 Notes, the 2029 Notes, the 2033 Notes, the 2046 Notes and the Perpetual Notes (collectively, the "New York Notes").  At the request of the Indenture Trustee, the Foreign Representative agreed to add certain language to the Proposed Order[6] and sent a revised proposed order (the "Revised Proposed Order")[7] to the Indenture Trustee.

3.    Additionally, the Foreign Representative engaged in discussions with the Office of the United States Trustee (the "U.S Trustee") and shared the Revised Proposed Order with the U.S Trustee in an effort to resolve informal concerns that the U.S. Trustee had raised.  A further revised

---

[5]       Further background on the Debtors, the RJ Proceeding and RJ Plan is set forth in the Verified Petition.

[6]       This language is contained in paragraphs 6 and 7 of the Further Revised Proposed Order (as defined below).

[7]       The Revised Proposed Order was a draft subject to Federal Rule of Evidence 408, so the Foreign Representative has not attached it to the Reply.

order (the "Further Revised Proposed Order,")[8] is attached hereto as **Exhibit C**. A blackline comparing the Proposed Order to the Further Revised Proposed Order is attached as **Exhibit D**.

4.          On April 1, 2025, the U.S Trustee filed the Objection. No other objections were filed to the Verified Petition. While the Debtors have made every effort to engage with the U.S Trustee to resolve or at least limit his Objection, as of the date of this Reply, no such agreement has been reached.

## III. REPLY

### A.    The Provisions Limiting the Indenture Trustee's Liability Are Customary in Chapter 15 Cases

5.          The U.S. Trustee objects to the inclusion of certain language in the Further Revised Proposed Order that limits the liability of the Indenture Trustee for discrete acts taken in furtherance of the RJ Plan. *See* Objection at 11; Further Revised Proposed Order ¶ 7.[9] These provisions were added at the request of the Indenture Trustee. Contrary to the U.S. Trustee's statement that these provisions are "extraordinary," these provisions are garden-variety limitations of liability that have been included in other chapter 15 recognition and enforcement orders. *See e.g.* Order Granting (I) Recognition of Foreign Main Proceeding, (II) Full Force and Effect to Concurso Plan and Certain Related Relief, *In re Crédito Real, S.A.B. de C.V., SOFOM, E.N.R*, No. 25-10208 (Bankr. Del. March 11, 2025), ECF No. 52 ¶ 9. This Court has recognized that limitations of liability provisions

---

[8]          The only changes between the Revised Proposed Order and the Further Revised Proposed order were (i) non-substantive proofreading changes and (ii) the addition of paragraph 2 which provides that the Objection is overruled. For ease of reference, since the Revised Proposed Order was not publicly filed, the Reply cites to the Further Revised Proposed Order, even in places where the Objection refers to the Revised Proposed Order.

[9]          Paragraph 7 of the Further Revised Proposed Order provides that "The Directed Parties and their respective officers, directors, employees, representatives, advisors, attorneys, professionals, and managers, in each case, solely in their respective capacities as a Directed Party, shall be entitled to a full limitation of liability from and shall have no liability for any and all claims, obligations, suits, judgments, damages, rights, causes of action, liabilities from, or in connection with, any action or inaction taken in furtherance of and/or in accordance with this Order, these Chapter 15 Cases, the Brazilian RJ Proceeding, the Brazilian Confirmation Order and the RJ Plan, except for any liability arising from any action or inaction constituting gross negligence, fraud or willful misconduct as determined by this Court."

for third parties are proper where "necessary and appropriate to prevent interference with the consummation" of a plan or scheme. *In re Olinda Star Ltd.*, 614 B.R. 28, 48 (Bankr. S.D.N.Y. 2020).[10] In *Olinda Star*, this Court held that limitations-of-liability provisions for certain "Directed Parties," including the indenture trustee, were necessary because absent such provisions, the parties' ability to effectuate the restructuring would be limited. *Id.* Here too, the cancellation of the New York Notes is one of the central parts of the RJ Plan and without the cooperation of the Indenture Trustee, the New York Notes cannot be cancelled. Moreover, the limitations of liability provisions naturally flow from the provisions directing the Indenture Trustee to take acts to implement the RJ Plan, to which the U.S Trustee has not objected.

**B.    The Releases in the RJ Plan Are Narrowly Tailored and Allowable Under Both U.S. and Brazilian Law**

1.    <u>The Releases in the RJ Plan Are Not True Third Party Releases.</u>

6.    The U.S. Trustee's description of the releases in the RJ Plan fundamentally misstates the nature and effect of the releases as a matter of Brazilian law. Section 11.5 of the RJ Plan does not release any independent, direct claims against third parties. Supplemental Brazilian Counsel Decl. ¶ 6. Its intention is only to prevent unjust enrichment (which is forbidden under the Brazilian Civil Code) by barring creditors subject to the RJ Plan from bringing claims under veil piercing, alter ego or similar doctrines that are derivative of primary claims that have been duly paid and released against the Debtors pursuant to the RJ Plan. *Id.* Section 11.5 of the RJ Plan states that once payments are made pursuant to the RJ Plan, creditors cannot seek payment on

---

[10]     *See also* Order Granting Recognition of Foreign Main Proceedings and Request for Certain Related Relief Under Chapter 15 of the Bankruptcy Code, *In re Unigel Participações S.A.*, No. 24-11982 (Bankr. S.D.N.Y. Dec. 10, 2024), ECF No. 29 ¶ 11 (limiting liability for certain parties, including the indenture trustee, for activities taken in furtherance of the plan); Order Granting (I) Full Force and Effect in the United States to the Brazilian EJ Plan and (II) Granting Related Relief, *In re Andrade Gutierrez Engenharia S.A.*, No. 22-11425 (Bankr. S.D.N.Y. Dec. 2, 2022), ECF No. 41 ¶ 9; Order Granting (I) Full Force and Effect in the United States to the Brazilian Reorganization Plan and (II) Granting Related Relief, *In re Serviços de Petróleo Constellation S.A.*, No. 18-13952 (Bankr. S.D.N.Y. Dec. 5, 2019), ECF No. 192 ¶ 14 (same).

account of those same claims from third parties. *Id.* Section 11.5 of the RJ Plan is thus not a release from rights but merely a recognition that such claims have already been paid and provides a safeguard against any creditors seeking a second bite of the apple by attempting to bring the same claims that have already been released (and paid) under the RJ Plan against the Debtors' agents. Further, Section 11.5 does not release claims against any third party that currently is a co-obligor or guarantor of claims against non-Debtors without the creditor's consent. *Id.* In this way, Section 11.5 is materially divorced from the type of broad non-consensual third party releases that animated the decision in *Purdue*.

7.      Further, the U.S Trustee's contention that the Further Revised Proposed Order creates an "expansive third-party release" by enjoining "all persons and entities" belies a fundamental misreading of the clear terms of the Further Revised Proposed Order. Objection at 16–17. The U.S. Trustee omits critical language that "all person and entities" are enjoined from taking any action "located in the territorial jurisdiction of the United States to *recover or offset any debt or claims that are extinguished, novated, cancelled, discharged or released under the RJ Plan and the Brazilian Confirmation Order*." Further Revised Proposed Order ¶ 11. Thus, the injunction is carefully limited to only bar actions that contravene relief set forth in the RJ Plan and Brazilian Confirmation Order. In short, the Foreign Representative is only seeking enforcement of the relief granted in the Brazilian RJ Proceeding within the territorial jurisdiction of the United States and nothing more.

8.      The U.S Trustee makes much of the fact that that the language in the Further Revised Proposed Order enjoins "all persons and entities." Objection at 16–17. To be clear, this language is not intended to target, and does not target, any actions that would be permitted under the terms of the RJ Plan. Such language that refers to all "persons" or "entities" is routinely

included and blessed by courts in this district in chapter 15 cases.[11]  Similar language was also

included in the enforcement order in the Prior Chapter 15 Cases.  Order Granting Recognition and

Final Relief in Aid of a Foreign Proceeding, *In re Odebrecht Engenharia e Construção S.A.*, No.

20-12741 (Bankr. S.D.N.Y. Dec. 30, 2020), ECF No. 15 ¶ 9 (enjoining "all persons and entities"

from taking actions that contravene the plan).[12]

> 2.  *Purdue*'s Prohibition on Non-Consensual Third Party Releases Does Not Apply in Chapter 15 Cases[13]

9.      Even assuming *arguendo*, that Section 11.5 constitutes a non-consensual third-party

release, *Purdue* simply does not apply in chapter 15 cases.  *See* Objection at 17–18.  The first court

to consider the applicability of the Supreme Court's holding in *Harrington v. Purdue Pharma, L.P.*,

603 U.S. 204 (2024) ("Purdue"), in chapter 15 cases squarely held that *Purdue* does not apply in

chapter 15 cases.  *See In re Crédito Real, S.A.B. de C.V., SOFOM, E.N.R.*, No. 25-10208, 2025 WL

977967 (Bankr. D. Del. Apr. 1, 2025).  In a thorough thirty-nine page opinion, the *Crédito Real*

court held that notwithstanding the holding in *Purdue*, "chapter 15 authorizes this Court to enforce

---

[11]       *See*, *e.g.*, Order Granting (I) Recognition of Foreign Proceeding, (II) Recognition of Foreign Representative, (III) Recognition of Sanction Order and Related Scheme with Modifications and (IV) Related Relief Under Chapter 15 of the Bankruptcy Code, *In re Mega Newco Ltd.*, No. 24-12031 (Bankr. S.D.N.Y. Feb. 7, 2025), ECF No. 25 ¶ 8 (enjoining "all entities" from taking action in contravention of the UK Scheme); Order Recognizing Foreign Main Proceeding and Granting Related Relief, *In re Boart Longyear Ltd.*, No. 21-11465 (Bankr. S.D.N.Y Sept. 21, 2021), ECF No. 19 ¶ 8 (enjoining "all persons and entities" from taking any actions inconsistent with the Scheme).

[12]       With respect to the defined terms used to refer to all or part of the "Debtors" in the RJ Plan, the definition of 'Filing Entities' (*Recuperandas*) in the preamble refers to the twelve companies that have filed for the RJ Proceeding (the "RJ Proceeding Debtors").  The definition of 'Debtors' (*Devedoras*) in Section 1.1.66 of the RJ Plan refers to the ten out of twelve companies that have undertaken the direct obligations to repay creditors under certain payment options provided under the RJ Plan (the "Payment Obligation Debtors").  These are two different definitions in the Portuguese version of the RJ Plan.  Two of the RJ Proceeding Debtors, OECI and Tenenge that were transferred as part of the New Engineering Unit, are not Payment Obligation Debtors, and their payment obligations under the RJ Plan are limited to the Transfers of Funds provided for in Section 5.1.3 of the RJ Plan.  All RJ Proceeding Debtors are Chapter 15 Debtors.

[13]       Even if *Purdue* did apply in chapter 15 cases (which it does not), *Purdue* applies only to non-consensual third party releases, and the releases contained in Section 11.5 are consensual releases.  *See Purdue*, 603 U.S. at 226 ("Nothing in what we have said should be construed to call into question consensual third-party releases offered in connection with a bankruptcy reorganization plan").  Here, the releases were consensual.  98.57% of the creditors voted in favor of the RJ Plan.  *See* Verified Petition ¶ 42.

nonconsensual third party releases ordered by foreign courts" because "the plain language of Bankruptcy Code sections 1521(a) and 1507 give this Court a broad grant of discretion to aid foreign courts in accordance with principles of comity." *Id.* at *16. The court thus enforced a Mexican plan that included non-consensual third party releases. *Id.* at *13. This Court should adopt *Crédito Real*'s reasoning and find *Purdue* inapplicable in chapter 15. At base, *Purdue* concerned an issue of statutory construction under Section 1129 of the Bankruptcy Code and is inapplicable on its face to the distinct statutory framework of chapter 15.

10. Having found that, as a matter of law, *Purdue* does not apply in chapter 15, the court then considered whether, under the facts of the case, the releases in the Mexican plan ran afoul of United States public policy such that they fell into the so-called "public policy exception" of Bankruptcy Code Section 1506. *Crédito Real*, 2025 WL 977967, at *14. The court concluded the releases did not fall under the public policy exception. *Id.* In making this determination, the court reasoned that the fact that "Mexican law provides for such releases further encourages the authority of this Court to enforce such releases in comity with the Mexican court." *Id.* at *13. Just as in *Crédito Real*, here too, the provisions of Section 11.5 are allowable and routinely approved under Brazilian law. Supplemental Brazilian Counsel Decl. ¶ 6. Further, *Crédito Real* reasoned that the public policy exception only applies where the "procedural fairness of the foreign proceeding is in doubt." *Crédito Real*, 2025 WL 977967, at *14. In *Crédito Real*, the court was satisfied that there was proper procedural fairness because the "release is the product of arms'-length negotiations among the Chapter 15 Debtor, the Recognized Creditors, and the Shareholders; and the Concurso Plan was approved by a majority of the Recognized Creditors." *Id.* at *15. Here too, the RJ Plan is a culmination of more than a year of intensive, good-faith negotiations between the Debtors and a number of creditors and stakeholders to develop a largely consensual, value-

maximizing restructuring transaction for the Debtors and their business. *See* Verified Petition at 8.

Further, 98.57% of creditors that attended the creditors' meeting voted in favor of the Plan. *See id.*

¶ 42.[14]

C.    **The Court Is Not Being Asked to Approve The Payment of Any Fees, Let Alone Impermissible Fees.**

11.    The U.S. Trustee plainly mischaracterizes the relief that the Foreign Representative

is seeking with respect to the Indenture Trustee's fees. *See* Objection at 18–19. To be clear, the

Foreign Representative is not asking the Court to order or approve any fees. The Foreign

Representative is simply asking the Court to "so-order" the Debtors' agreement with the Indenture

Trustee that payment of its reasonable and necessary fees are a condition precedent to the

cancellation of the New York Notes.

12.    There is (i) no prohibition under the Brazilian Bankruptcy Law or in the RJ Plan

against the Debtors paying such fees, costs and expenses, (ii) no requirement under Brazilian

Bankruptcy Law that such fees be approved by the RJ Court before they are paid, and (iii) no

provision of the RJ Plan that abrogates contractual rights of payment for post-petition fees. *See*

Supplemental Brazilian Counsel Decl. ¶ 5.

D.    **The Further Revised Proposed Order's Retention of Jurisdiction Clause, is Not An Improper "Gatekeeping Clause," But is a Routine and Targeted Provision Intended to Allow This Court to Enforce Only The Relief Provided for in the RJ Plan.**

13.    The U.S Trustee contends, without any citation, that the Further Revised Proposed

Order includes an improper "gatekeeping provision." *See* Objection at 19. This provision (the

"Retention of Jurisdiction Provision") which provides that "[n]o action may be taken within the

territorial jurisdiction of the United States to confirm or enforce any award or judgment that would

---

[14]    Indeed, the Objection does not even suggest that the public policy exception in Section 1506 provides a basis for the Court to deny enforcement of the RJ Plan within the United States.

otherwise be in violation of this Order without first obtaining leave of this Court" is routinely included in Chapter 15 orders.[15]

14.    The U.S Trustee asks (perhaps rhetorically) why the Brazilian Court would not be the appropriate forum to adjudicate in some or all circumstances.  The answer is two-fold.  First, there are of course circumstances where the Brazilian Court would be the appropriate forum to adjudicate disputes which is why the language is limited to any action "within the territorial jurisdiction of the United States" and not in Brazil.  Second, as set forth in the Verified Petition, there are two U.S. Securities Litigations[16] pending against the Debtors.  Verified Petition ¶ 28.  As a general matter, the RJ Court is very unlikely to estimate damages arising from litigation claims because the Brazilian Bankruptcy Law expressly provides under Article 6, §3 that any estimates of claims arising from litigation claims must be carried out by the court in which such litigation is pending, and not the RJ Court.  Brazilian Counsel Decl. ¶ 18.  While the Further Revised Proposed Order provides that the Securities Litigations may be litigated to judgment, notwithstanding the RJ Plan, any such judgment entered in the U.S. Securities Litigation is subject to the RJ Plan.  *See* Further Revised Proposed Order ¶ 12(e).  The Retention of Jurisdiction Provision provides this Court with the ability to enforce the RJ Plan within the United States in the face of such judgment.

---

[15]    Further Revised Order ¶ 11; *See* Order Granting (I) Recognition of Foreign Proceeding, (II) Recognition of Foreign Representative, (III) Recognition of Sanction Order and Related Scheme with Modifications and (IV) Related Relief Under Chapter 15 of the Bankruptcy Code, *In re Mega Newco Ltd.*, No. 24-12031 (Bankr. S.D.N.Y February 7, 2025), ECF No. 25 ¶ 8 (containing the identical language); Order (I) Granting Full Force and Effect to the Brazilian RJ Plan in the United States and (II) Granting Related Relief, *In re Oi S.A.*, No. 23-10193 (Bankr. S.D.N.Y. June 17, 2024), ECF No. 42 ¶ 7 (same); Order Granting Recognition and Final Relief in Aid of a Foreign Proceeding, *In re Odebrecht Engenharia e Construção S.A.*, No. 20-12741 (Bankr. S.D.N.Y. Dec. 30, 2020), ECF No. 15 ¶ 9 (same).

[16]    The U.S. Securities Litigations are:  (i) *DoubleLine Cap. LP v. Odebrecht Fin., Ltd.*, No. 17-cv-04576-DEH-BCM (S.D.N.Y.) and (ii) *Wash. State Inv. Board v. Odebrecht S.A.*, No. 17-cv-08118PGG-BCM (S.D.N.Y.).

## CONCLUSION

15.       WHEREFORE, the Petitioner respectfully requests that this Court:  (i) promptly

enter an order, substantially in the form of the Further Revised Proposed Order annexed hereto as

**Exhibit C**, (ii) overrule the Objection, and (iii) grant such other and further relief as the Court may

deem just and proper.

Dated: April 3, 2025
     New York, New York

          CLEARY GOTTLIEB STEEN & HAMILTON LLP

          By: */s/ Luke A. Barefoot*
               Luke A. Barefoot, Esq.

          Luke A. Barefoot, Esq.
          Thomas S. Kessler, Esq.
          CLEARY GOTTLIEB STEEN & HAMILTON LLP
          One Liberty Plaza
          New York, New York 10006
          T: 212-225-2000
          F: 212-225-3999
          (lbarefoot@cgsh.com)
          (tkessler@cgsh.com)

          *Attorneys for the Foreign Representative of*
          *Odebrecht Engenharia e Construção S.A. – Em*
          *Recuperação Judicial and its affiliated debtors*