# **Exhibit B**

**Supplemental Brazilian Counsel Declaration**

Luke A. Barefoot, Esq.
Thomas S. Kessler, Esq.
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Attorneys for the Foreign Representative
of Odebrecht Engenharia e Construção S.A.
- Em Recuperação Judicial and affiliated debtors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Odebrecht Engenharia e Construção S.A. - Em Recuperação Judicial, *et al.*,[1]<br><br>Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 25-10482<br><br>(Joint Administration Pending) |

**SUPPLEMENTAL DECLARATION OF ANA ELISA LAQUIMIA DE SOUZA
IN SUPPORT OF VERIFIED PETITION
UNDER CHAPTER 15 FOR RECOGNITION OF
FOREIGN MAIN PROCEEDING AND RELATED RELIEF[2]**

I, Ana Elisa Laquimia de Souza, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States that the following is true and correct:

---

[1] The debtors in these chapter 15 cases (the "Chapter 15 Cases") and the last four identifying digits of the tax number in the jurisdiction are: Odebrecht Engenharia e Construção S.A. – Em Recuperação Judicial (Brazil – 01-28); Odebrecht Holdco Finance Limited (Cayman Islands – 8435); OEC S.A. – Em Recuperação Judicial (Brazil – 01-24); OEC Finance Limited (Cayman Islands – 8433); CNO S.A. – Em Recuperação Judicial (Brazil – 01-82); Belgrávia Serviços e Participações S.A. – Em Recuperação Judicial (Brazil – 01/06); Tenenge Overseas Corporation (Cayman Islands – 2850); CBPO Engenharia Ltda. – Em Recuperação Judicial (Brazil – 01-10); Oenger S.A. – Em Recuperação Judicial (Brazil – 01-21); Odebrecht Overseas Limited (Bahamas – 834B); OECI S.A. – Em Recuperação Judicial (Brazil – 01-78) and Tenenge Engenharia Ltda. – Em Recuperação Judicial (Brazil – 01-75) (the "Chapter 15 Debtors").

[2] All capitalized terms not otherwise defined herein have the meaning ascribed to them in the Verified Petition or the RJ Plan, as applicable.

1. I am an attorney licensed, and in good standing, to practice in Brazil. I am a partner of the law firm E. Munhoz Advogados, a law firm focused on litigation, arbitration, restructuring, and corporate law, with an office in Brazil in the city of São Paulo. I submit this declaration (the "<u>Supplemental Declaration</u>") in further support of the Verified Petition for Recognition of the Brazilian RJ Proceeding and Motion for Order Granting Final Relief Pursuant to 11 U.S.C. §§ 105(a), 1507, 1509(b), 1515, 1517, 1520(a) and 1521, ECF No. 2 (the "<u>Verified Petition</u>").

2. As set forth in my initial declaration[3], E. Munhoz Advogados has been retained by Odebrecht Engenharia e Construção S.A. – Em Recuperação Judicial and its affiliated debtors to as their primary counsel in their court-supervised proceeding known as *recuperação judicial* ("<u>Judicial Reorganization</u>" or "<u>RJ</u>").

2. The purpose of this Supplemental Declaration is to provide additional information with respect to the RJ Plan and Brazilian Bankruptcy Law in response to the Objection from the Office of the United States Trustee.

3. This declaration is comprised of matters that are statements of legal opinion and/or statements of fact. Where the matters stated in this declaration are statements of legal opinion, such statements reflect Brazilian law based on my education and years of experience practicing Brazilian law in Brazil.[4] Where the matters stated in this declaration are statements of fact, they are either: (i) based on my personal knowledge, and are known to me to be true and accurate, or (ii) if not within my personal knowledge, are derived from documents and/or information supplied to me by or on behalf of Adriana Henry Meirelles, the foreign representative of the Debtors, or her staff, and are true to the best of my knowledge, information, and belief.

---

[3] Declaration of Ana Elisa Laquimia de Souza In Support of Verified Petition Under Chapter 15 For Recognition of Foreign Main Proceeding and Related Relief, ECF No. 4.

[4] Nothing herein is or is intended to be a waiver of any applicable privilege or protection beyond the scope of this declaration, including without limitation the attorney-client privilege or attorney-work product doctrine.

2

### A. Clarification on the Definition of "Debtors" in the RJ Plan

4. With respect to the defined terms used to refer to all or part of the "Debtors" in the RJ Plan[5], the definition of 'Filing Entities' (*Recuperandas*) in the preamble refers to the twelve companies that have filed for the RJ Proceeding (the "RJ Proceeding Debtors"). The definition of 'Debtors' (*Devedoras*) in Section 1.1.66 of the RJ Plan refers to the ten out of twelve companies that have undertaken the direct obligations to repay creditors under certain payment options provided under the RJ Plan (the "Payment Obligation Debtors").[6] These are two different definitions in the Portuguese version of the RJ Plan. Two of the RJ Proceeding Debtors, OECI and Tenenge that were transferred as part of the New Engineering Unit, are not Payment Obligation Debtors, and their payment obligations under the RJ Plan are limited to the Transfers of Funds provided for in Section 5.1.3 of the RJ Plan. All RJ Proceeding Debtors are Chapter 15 Debtors.

### B. Payment of Post-Petition Indenture Trustee Fees

5. There is no prohibition under the Brazilian Bankruptcy Law or in the RJ Plan with respect to the Debtors paying fees, costs and expenses of the indenture trustee[7] that arose after the commencement of the RJ Proceeding, provided that such payments are made in the regular course of the Debtors' activities, and are not unjustified or detrimental to the Debtors' regular operations and interests. There is no requirement under Brazilian law that the Brazilian Court review or approve such fees. Nor does anything in the RJ Plan or the Brazilian Confirmation Order excuse the Chapter 15 Debtors from satisfying their payment obligations to the Indenture Trustee that arose after the commencement of the RJ Proceeding.

---

[5] A certified translation of the RJ Plan, followed by the original Portuguese version is attached to the Foreign Representative Declaration (ECF No. 3) as Exhibit C.

[6] *See* RJ Plan § 3.8.1.

[7] Bank of New York Melon is the indenture trustee (the "Indenture Trustee") under the indentures related to the 2024 Notes, the 2026 Notes, the 2027 Notes, the 2029 Notes, the 2033 Notes, the 2046 Notes and the Perpetual Notes (collectively, the "New York Notes").

### C. Third-Party Releases

6. Section 11.5 of the RJ Plan does not release any independent, direct claims against third parties. The intention of Section 11.5 of the RJ Plan is only to prevent unjust enrichment (which is forbidden under the Brazilian Civil Code) by barring creditors from bringing claims under veil piercing or similar doctrines that are derivative of claims that have been duly paid and released against the Debtors through the RJ Plan. Pursuant to Brazilian Bankruptcy Law, claims are novated by the terms of the RJ Plan. If the RJ Plan provides for a haircut, for example, the original claim is novated and the new post-haircut denominated amount prevails. Section 11.5 simply states that once claims are fully paid and fulfilled, pursuant to the RJ Plan, creditors cannot seek payment for that same claim from third parties. In other words, the release is consequence of the full repayment of the creditor's claims made pursuant to the RJ Plan. Section 11.5 is not a release from rights, but merely a recognition that such claim has already been paid. Further, this section does not release claims against any third party that is already a co-obligor or guarantor of claims without the creditor's consent, as such a release of co-obligor or guarantor claims would be prohibited under Article 49, §1 of Brazilian Bankruptcy Law. The releases in Section 11.5 are allowable and routinely approved under Brazilian Law, provided that the creditors' right to pursue claims against existing co-obligors or guarantor cannot be released or extinguished by any resolution contrary to express statutory provisions.

4

Executed at Sao Paulo, Brazil
April 3, 2025

*/s/ Ana Elisa Laquimia de Souza*
Ana Elisa Laquimia de Souza

5