UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Odebrecht Engenharia e Construção S.A. - Em Recuperação Judicial, *et al.*,[1]<br><br>Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 25-10482<br><br>(Jointly Administered) |

### ORDER GRANTING RECOGNITION
### AND FINAL RELIEF IN AID OF A FOREIGN PROCEEDING

Upon the verified petition (the "Verified Petition") of Adriana Henry Meirelles as foreign representative (the "Petitioner"), in the above-captioned chapter 15 cases (the "Chapter 15 Cases") in respect of the Debtors in a foreign proceeding in a judicial reorganization in the Federative Republic of Brazil pursuant to Federal Law No. 11,101 of February 9, 2005 (the "Brazilian Bankruptcy Law"), approved by the Second Court of Bankruptcy and Judicial Recovery of the State of São Paulo on June 27, 2024 (the "Brazilian Court," and such proceeding, the "Brazilian RJ Proceeding"), for entry of a final order (this "Order"), pursuant to sections 105(a), 1507, 1509(b), 1515, 1517, 1520(a) and 1521 of title 11 of the United States Code, 11 U.S.C. sections 101, et seq. (the "Bankruptcy Code"): (i) granting recognition of the Brazilian RJ Proceeding pursuant to section 1517 of the Bankruptcy Code as a "foreign main proceeding" (as defined in section 1502(4) of the Bankruptcy Code), of each of the Debtors, and all relief included therewith

---

[1] The Debtors in these Chapter 15 Cases and the last four identifying digits of the tax number in such Debtors' respective jurisdictions of incorporation are: Odebrecht Engenharia e Construção S.A. – Em Recuperação Judicial (Brazil – 01-28); Odebrecht Holdco Finance Limited (Cayman Islands – 8435); OEC S.A. – Em Recuperação Judicial (Brazil – 01-24); OEC Finance Limited (Cayman Islands – 8433); CNO S.A. – Em Recuperação Judicial (Brazil – 01-82); Belgrávia Serviços e Participações S.A. – Em Recuperação Judicial (Brazil – 01/06); Tenenge Overseas Corporation (Cayman Islands – 2850); CBPO Engenharia Ltda. – Em Recuperação Judicial (Brazil – 01-10); Oenger S.A. – Em Recuperação Judicial (Brazil – 01-21); Odebrecht Overseas Limited (Bahamas – 834B); OECI S.A. – Em Recuperação Judicial (Brazil – 01-78) and Tenenge Engenharia Ltda. – Em Recuperação Judicial (Brazil – 01-75).

as provided in section 1520 of the Bankruptcy Code; (ii) recognizing the Petitioner as the "foreign representative" (as defined in section 101(24) of the Bankruptcy Code) of the Brazilian RJ Proceeding for each Debtor for purposes of these Chapter 15 Cases; (iii) recognizing and enforcing the RJ Plan[2] in the United States and giving full force and effect to and granting comity in the United States to the Brazilian Confirmation Order and (iv) granting certain injunctive relief and additional relief; and the Court having determined that the relief set forth herein being in the best interests of the Debtors and their estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**THIS COURT HEREBY FINDS AND DETERMINES THAT:**

A.      The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.

B.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P) and this Court has the statutory and constitutional authority to issue a final ruling with respect to this matter. Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. § 1410.

C.      The Petitioner is the duly appointed "foreign representative" of each of the Debtors within the meaning of section 101(24) of the Bankruptcy Code and has been authorized to commence and prosecute these Chapter 15 Cases.

---

[2]     Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Verified Petition.

D. The Chapter 15 Cases were properly commenced on March 14, 2025 by the Foreign Representative pursuant to sections 1504, 1509 and 1515 of the Bankruptcy Code and the Petitioner has complied with section 1515.

E. Due and proper notice of the Verified Petition and Hearing have been provided in accordance with the Order Pursuant to Federal Rules of Bankruptcy Procedures 2002 and 9007 Scheduling Hearing and Specifying Form and Manner of Service and Notice, ECF No. 9 (the "Scheduling Order") and in compliance with the requirements of Bankruptcy Rule 2002(q), and no other or further notice need be provided.

F. The Brazilian RJ Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.

G. The Brazilian RJ Proceeding is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

H. Brazil is the center of main interests of each of the Debtors, and, accordingly, the Brazilian RJ Proceeding is the "foreign main proceeding" for each of the Debtors within the meaning of section 1502(4) of the Bankruptcy Code and each Debtor is entitled to recognition of the Brazilian RJ Proceeding as its foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

I. The Petitioner and the Debtors, as applicable, are entitled to the relief available pursuant to section 1520 of the Bankruptcy Code and to additional assistance and discretionary relief pursuant to sections 1507 and 1521(a) of the Bankruptcy Code, to the extent set forth in this Order and subject to the limitations set forth in this Order.

J. The injunctive relief set forth in this Order is appropriate and necessary to prevent the risk that the consummation and implementation of the RJ Plan may be thwarted by the actions

of particular creditors, a result inimical to the purposes of chapter 15 of the Bankruptcy Code as set forth in section 1501(a) of the Bankruptcy Code. Such actions could put in peril the Debtors' ability to successfully restructure as contemplated by the RJ Plan and the Brazilian Confirmation Order.

K.      Each of the injunctions contained in this Order (i) is within the Court's jurisdiction, (ii) is necessary and appropriate to the success of the Brazilian RJ Proceeding and the RJ Plan, (iii) confers material benefits on, and is in the best interests of the Debtors, and their creditors, including, without limitation, the Noteholders, and (iv) is important to the overall objectives of the Debtors' restructuring.

L.      The relief granted herein will not cause undue hardship or inconvenience to any party in interest and to the extent that any hardship or inconvenience may result to such parties, it is outweighed by the benefits of the requested relief to the Debtors, their estates and their creditors.

M.      The relief granted herein is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to sections 105, 362, 1504, 1507, 1509, 1515, 1517, 1520 and 1521 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The petitions for recognition of the Brazilian RJ Proceeding as the foreign main proceeding of each of the Debtors, the recognition and enforcement of the Brazilian Confirmation Order and the RJ Plan and the other relief requested in the Verified Petition are hereby granted to the extent set forth herein.

2.      To the extent not resolved by the revisions to this Order, the Objection of the United States Trustee to the Verified Petition Under Chapter 15 for Recognition of A Foreign Main

Proceeding and Related Relief filed at ECF No. 16 is overruled.

3. The Brazilian RJ Proceeding is recognized as the foreign main proceeding for each of the Debtors pursuant to section 1517 of the Bankruptcy Code.

4. The Petitioner is the duly appointed foreign representative of the Debtors within the meaning of section 101(24) of the Bankruptcy Code and is authorized to act on behalf of the Debtors in the Chapter 15 Cases.

5. Subject to the terms of this Order, the Brazilian Confirmation Order and the RJ Plan, including any amendments or modifications thereto, and subject to all limitations and conditions precedent set forth therein, are hereby recognized, granted comity and given full force and effect within the territorial jurisdiction of the United States to the same extent that they are given effect in the Federative Republic of Brazil, and each is binding on all creditors of the Debtors, including without limitation, the Noteholders and the Directed Parties.[3]

6. The Directed Parties, their respective agents, attorneys, successors and assigns are hereby authorized and directed to take actions necessary to implement the restructuring transactions approved by the Brazilian Confirmation Order and shall fully cooperate and facilitate the cancellation of the 2024 Notes, the 2026 Notes, the 2027 Notes, the 2029 Notes, the 2033 Notes, the 2046 Notes and the Perpetual Notes (collectively, the "NY Notes"), as applicable, pursuant to this Order, the Brazilian Confirmation Order and the RJ Plan. Specifically, the Foreign Representative is hereby authorized and directed to provide documentation to the DTC for the cancellation of the NY Notes. Further, the Directed Parties, their respective agents, attorneys,

---

[3] Collectively, the "Directed Parties" are: (i) The Bank of New York Mellon, as the indenture trustee (the "Indenture Trustee") under the indentures related to the 2024 Notes, the 2026 Notes, the 2027 Notes, the 2029 Notes, the 2033 Notes, the 2046 Notes, and the Perpetual Notes (collectively, the "NY Notes"); (ii) the Depository Trust Company ("DTC"), Euroclear Bank S.A./N.V., and/or Clearstream Banking, Société Anonyme, as clearing systems, as applicable; (iii) Epiq Corporate Restructuring LLC; and (iv) the custodians of the NY Notes.

successors and assigns are hereby authorized and directed to take any other lawful actions as provided in the Brazilian Confirmation Order or the RJ Plan or as otherwise instructed by the Foreign Representative that are reasonable and necessary to cancel the NY Notes.

7. The Directed Parties and their respective officers, directors, employees, representatives, advisors, attorneys, professionals and managers, in each case, solely in their respective capacities as a Directed Party, shall be entitled to a full limitation of liability from and shall have no liability for any and all claims, obligations, suits, judgments, damages, rights, causes of action, liabilities from, or in connection with, any action or inaction taken in furtherance of and/or in accordance with this Order, these Chapter 15 Cases, the Brazilian RJ Proceeding, the Brazilian Confirmation Order and the RJ Plan, except for any liability arising from any action or inaction constituting gross negligence, fraud, willful misconduct or professional malpractice as determined by this Court.

8. Any judgment obtained in the Excluded Litigations (as defined in Paragraph 12) shall, to the extent provided in the Brazilian Confirmation Order and the RJ Plan, be subject to the Brazilian Confirmation Order and the RJ Plan. Further, any execution, collection or enforcement of any such judgment within the territorial jurisdiction of the United States is subject to the injunction contained in paragraph 11 hereof.

9. Pursuant to the terms of the respective indentures of the NY Notes, the Debtors' payment of the reasonable and documented fees, costs and expenses of the Indenture Trustee (including its attorneys' fees, costs and expenses) incurred after June 27, 2024 in connection with these Chapter 15 Cases, the Brazilian RJ Proceeding, the Brazilian Confirmation Order and the RJ Plan, and the implementation of the transactions provided for in the Brazilian Confirmation Order and the RJ Plan shall be a condition precedent to the cancelation of the NY Notes.

10. The relief afforded to a foreign main proceeding pursuant to section 1520 of the Bankruptcy Code is hereby granted to the Brazilian RJ Proceeding with respect to each of the Debtors; *provided, however,* section 362 of the Bankruptcy Code shall not bar any actions permitted under the terms of paragraph 12 of this Order.

11. Except as provided in paragraph 12 of this Order, all persons and entities are permanently enjoined and restrained from (i) commencing or taking any action or asserting any claim, within the territorial jurisdiction of the United States, that is inconsistent with, in contravention with, or would interfere with or impede the administration, implementation and/or consummation of the RJ Plan, the Brazilian Confirmation Order or the terms of this Order; and (ii) taking any action against the Debtors or their property located in the territorial jurisdiction of the United States to recover or offset any debt or claims that are extinguished, novated, cancelled, discharged or released under the RJ Plan and the Brazilian Confirmation Order. No action may be taken within the territorial jurisdiction of the United States to confirm or enforce any award or judgment that would otherwise be in violation of this Order without first obtaining leave of this Court.

12. Notwithstanding any other provision of this Order, nothing herein or in the application of section 362 of the Bankruptcy Code shall enjoin any of the following matters:

(a) any action by any person or entity in the Brazilian RJ Proceeding consistent with Brazilian law, including appeals in Brazil related thereto;

(b) the pursuit by any person or entity of any rights or remedies granted to that entity pursuant to the RJ Plan or the enforcement of any terms of the RJ Plan and the Brazilian Confirmation Order, including, without limitation, the election process with respect to Unsecured Capital Markets Claims contemplated by the RJ Plan;

7

(c) any action or transaction that is permitted under the terms of the RJ Plan and the Brazilian Confirmation Order;

(d) the implementation and enforcement of any agreement contemplated by and entered into in connection with the RJ Plan;

(e) the continuation of that certain litigation pending in the United States District Court for the Southern District of New York involving Debtors Odebrecht Engenharia e Construção S.A. – Em Recuperação Judicial and CNO S.A. – Em Recuperação Judicial captioned *DoubleLine Cap. LP v. Odebrecht Fin. Ltd.*, No. 17-04576 (the "DoubleLine Litigation") and that certain litigation pending in the United States District Court for the Southern District of New York involving Debtors Odebrecht Engenharia e Construção S.A. – Em Recuperação Judicial and CNO S.A. – Em Recuperação Judicial and the Washington State Investment Board ("WSIB"), captioned *Wash. State Inv. Board v. Odebrecht S.A.*, No. 17-cv08118 (the "WSIB Litigation" and together with the DoubleLine Litigation, the "Excluded Litigations") for the sole purpose of liquidating and reducing claims against the Debtors party thereto to a final judgment including applicable appeals. Provided that, any final judgement entered in the Excluded Litigations shall be subject to the RJ Plan;

(f) the exercise and enforcement of a police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent not stayed pursuant to section 362 of the Bankruptcy Code; or

(g) the exercise of any rights to the extent not stayed pursuant to section 362(o) of the Bankruptcy Code.

13. The Debtors, the Foreign Representative and their respective successors, agents, representatives, advisors and counsel are entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.

14. Notwithstanding any provision in the Bankruptcy Rules to the contrary, (i) this Order shall be effective immediately and enforceable upon entry; (ii) the Petitioner is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Order; and (iii) the Petitioner is authorized and empowered, and may in her discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

15. Nothing in this Order shall limit any right of any Indenture Trustee to collect its reasonable and documented fees, costs and expenses (including its attorneys' fees, costs and expenses) from the holders of the NY Notes , or its liens on any payment made or consideration given with respect to such securities, as applicable, and in each case as and to the extent set forth in the documents governing the NY Notes.

16. A copy of this Order, confirmed to be true and correct, shall be served, within three (3) business days of entry of this Order, in accordance with the Scheduling Order, with such service being good and sufficient service and adequate notice for all purposes.

17. Except as set forth in paragraph 12 of this Order, and notwithstanding anything to the contrary in any other provision hereof, the effectiveness of all injunctive relief in support of the RJ Plan and the Brazilian Confirmation Order contained in this Order shall be limited to and in support of the RJ Plan and the Brazilian Confirmation Order as they are given effect by a court of competent jurisdiction in the Federative Republic of Brazil from time to time, and if the RJ Plan or the Brazilian Confirmation Order is modified by a court of competent jurisdiction, then such

provisions of this Order shall continue to apply to the RJ Plan and the Brazilian Confirmation Order as so modified, but shall not apply to any provision of any RJ Plan or the Brazilian Confirmation Order that has ceased to be given effect in the Federative Republic of Brazil. For the avoidance of doubt, and notwithstanding the foregoing sentence, while any such modification is effective, this Order shall remain effective in all other respects, including with respect to recognition of the Petitioner as the "foreign representative" of each of the Debtors and with respect to recognition of the Brazilian RJ Proceeding as the foreign main proceeding of each of the Debtors, and if any previously suspended or rescinded provision of a RJ Plan or the Brazilian Confirmation Order is reinstated in Brazil, the related provisions of this Order shall be automatically reinstated to the same extent.

18. In no event shall this Order prevent the implementation of any amendments or modification to the RJ Plan that may be agreed upon by and among the Debtors and the applicable creditors pursuant to applicable law and approved by the Brazilian Court.

19. The Bankruptcy Court shall retain exclusive jurisdiction with respect to any matters, claims, rights or disputes arising from or related to this Order or any other actions to implement, interpret or enforce the terms and provisions of this Order.

Dated: April 8, 2025
      New York, New York

                                                 **/s/Martin Glenn**
                                                 MARTIN GLENN
                                          CHIEF UNITED STATES BANKRUPTCY JUDGE